**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leandra Pierce, | No. CV-23-00646-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| New Hampshire Department of Children Youth and Families, et al., | |
| Defendants. | |

Plaintiff Leandra Pierce ("Plaintiff") has filed an Application to Proceed in District Court Without Prepaying Fees or Cost (Doc. 2). Upon review, Plaintiff's Application, signed under penalty of perjury, indicates that she is financially unable to pay the filing fee. The Court will grant Plaintiff's Application and allow her to proceed *in forma pauperis* ("IFP"). Pursuant to 28 U.S.C. § 1915(e)(2), the Court will proceed to screen Plaintiff's Complaint (Doc. 1).

**I.    Legal Standard**

The determination that Plaintiff may proceed IFP does not end the inquiry under 28 U.S.C. § 1915. When a party has been granted IFP status, the Court must review the complaint to determine whether the action:

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915(e)(2)(B).[1]  In conducting this review, "section 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted). Rule 8(a) of the Federal Rules of Civil Procedure requires that:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  (citing *Twombly*, 550 U.S. at 556).  A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S.

---

[1]  "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, §1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners." *Long v. Maricopa Cmty. College Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints[.]"); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.") (citation omitted). Therefore, section 1915 applies to this non-prisoner IFP complaint.

[2]  "Although the *Iqbal* Court was addressing pleading standards in the context of a Rule 12(b)(6) motion, the Court finds that those standards also apply in the initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A since *Iqbal* discusses the general pleading standards of Rule 8, which apply in all civil actions." *McLemore v. Dennis Dillon Automotive Group, Inc.*, 2013 WL 97767, at *2 n. 1 (D. Idaho Jan. 8, 2013).

at 555.  Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement."  *Id.* at 557.

The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the plaintiff.  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  That rule does not apply, however, to legal conclusions.  *Iqbal*, 556 U.S. at 678.  The Court is mindful that it must "construe pro se filings liberally when evaluating them under *Iqbal*."  *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir.  2010)).

## II.    Statutory Screening

Plaintiff has filed suit against Child Protective Services Worker ("CPSW") Lisa Bell of the New Hampshire Division for Children, Youth and Families; Officer Oulette of the Bow Police Department; and the Honorable Judge Thomas Cooper (collectively "Defendants").  (Doc. 1 at 2).  Plaintiff alleges that on May 21, 2021, M.P., who is presumably Plaintiff's child, "was illegally removed—IN HANDCUFFS—by Bow Police Officer Oulette for [CPSW] Bell . . . without reason warrant, or court order."  (*Id.* at 4). Plaintiff further states that the Sixth Circuit Court of New Hampshire (the "New Hampshire state court") violated the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), Fourth Amendment, and Twenty-Fourth Amendment by awarding temporary physical custody of M.P. to Steven Bargabos ("Bargabos"), who is M.P.'s biological father.  (*Id.* at 4).  Plaintiff represents the court's order allowed Bargabos to "drag M.P. across the continent" without Plaintiff's consent.  (*Id.* at 5).

Plaintiff claims that Defendants violated her and M.P's rights under the Fourth Amendment, Fourteenth Amendment, and Child Welfare Act, 42 U.S.C.S. § 670 *et seq*. ("CWA").  (*Id.* at 3).  For relief, Plaintiff seeks "reversal of lower court orders" and three million dollars in punitive damages.  (*Id.* at 5).  She maintains that "M.P.  has suffered irreparable psychological, emotional and cognitive harm for which [Bargabos] has not provided adequate care of support due to his own cognitive and psychological health issues." (*Id.*)

As discussed below, the Court will dismiss Plaintiff's Complaint because it does not give rise to any cognizable claim under any civil cause of action and purports to bring claims against Judge Cooper that are barred by the doctrine of judicial immunity.

### A.   Plaintiff's Claims

Plaintiff's Complaint alleges violations of her and M.P.'s rights under the Fourth Amendment, Fourteenth Amendment, and the CWA.  Plaintiff also seeks reversal of a state court order.  The Court will address each claim in turn.

### 1.   Constitutional Claims

Plaintiff appears to assert the wrongful removal of M.P. violated her and M.P.'s Fourth Amendment rights, Fourteenth Amendment rights, and rights protected by the CWA.  Thus, the Court will construe these claims as brought under 42 U.S.C. § 1983, which creates a private right of action for a plaintiff to assert a violation of their federal constitutional rights.  To state a Section 1983 claim, a plaintiff must allege (1) the violation of a constitutional right that was (2) committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### a.   The Fourth Amendment

First, Plaintiff's Fourth Amendment claim is barred as a matter of law.  The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV.  The purpose of the Amendment "is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials."  *Carpenter v. United States*, 138 S. Ct. 2206, 2213 (2018) (quoting *Camara* v. *Municipal Court of City and County of San Francisco*, 387 U. S. 523, 528 (1967)).  Fourth Amendment rights, however, are personal rights that cannot be vicariously asserted.  *Alderman v. United States*, 394 U.S. 165, 174 (1969).

Plaintiff alleges that "*M.P.* was illegally removed . . . by Bow Police Officer Oulette for [CPSW] Bell[.]"  (Doc. 1 at 4) (emphasis added).  "While a person has standing to challenge the seizure of his or her own person, a person does not have standing to

vicariously assert the Fourth Amendment rights of another person." *Osborne v. County of Riverside*, 385 F. Supp 2d 1048, 1052 (C.D. Cal. 2005) (citing *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998)); *see also Teixeira v. Hanneman*, 2018 WL 6164309 (C.D. Cal. Mar. 6, 2018).  M.P. is not named as a plaintiff in this case.  Thus, Plaintiff lacks standing to assert a claim under 42 U.S.C. § 1983 on Fourth Amendment grounds because Plaintiff does not claim that she herself was seized.

Plaintiff's Fourth Amendment claim is therefore dismissed with prejudice.

### b.     The Fourteenth Amendment

Second, although Plaintiff lacks standing under the Fourth Amendment, she may have standing under the Fourteenth Amendment to bring a wrongful removal claim on behalf of M.P.  *See Wallis v. Spencer*, 202 F.3d 1126, 1137 n.8 (9th Cir. 2000).  A parent's claim of their minor child's wrongful removal is "properly [] assessed under the Fourteenth Amendment standard for interference with the right to family association."  *Id.*; *see e.g., Moore v. Cnty. of Sacramento, Dep't of Child*, 2020 WL 2489736 (E.D. Cal. May 14, 2020).  This is based on protecting the liberty interest that custodial parents have in the "companionship, care, custody, and management" of their children.  *Stanley v. Illinois*, 405 U.S. 645, 651 (1972); *Troxel v. Granville*, 530 U.S. 57, 66 (2000); *see Leubner v. Cnty. of San Joaquin*, 2009 WL 1212248, at *2 (E.D. Cal. May 5, 2009) (explaining that "parents and children have a constitutional right to live together without governmental interference and will not be separated without due process of law except in emergencies").

However, a parent's Fourteenth Amendment rights in the familial context are not absolute.  *Chagolla v. Vullo*, 2019 WL 6841737, at *2 (D. Ariz. Dec. 16, 2019), *aff'd*, 834 F. App'x 350 (9th Cir. 2021) (citing *Troxel*, 530 U.S. at 65).  "Officials violate parental rights if they remove a child from the home absent information at the time of the seizure that establishes reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury."  *Id.*  (quoting *Mabe v. San Bernardino Cty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1106 (9th Cir. 2001)) (internal quotations omitted).

The Court liberally construes Plaintiff's Complaint to allege that Defendants violated her Fourteenth Amendment substantive due process right to familial association when M.P. was wrongfully removed.  (Doc. 1 at 4).  At the outset, it is unclear whether Plaintiff was the custodial parent of M.P. at the time of M.P.'s removal.  Plaintiff admits that the New Hampshire state court awarded "temporary physical custody" of M.P. to Bargabos and "granted him permission" to take M.P. to Arizona.  (*Id.*)  But Plaintiff does not explain the timeline of these proceedings in relation to the alleged removal of M.P. on May 21, 2021.  Plaintiff cannot bring a Fourteenth Amendment claim if she lacks constitutional familial rights as a noncustodial parent.  *See Troxel*, 530 U.S. at 65 (explaining the "the custodial parent has a constitutional right" to parental rights); *see also Campbell v. Burt*, 141 F.3d 927, 929 (9th Cir. 1998) (distinguishing a parent with "mere visitation rights" from one with "full legal custody of his children").

As to Officer Oulette, Plaintiff does not provide sufficient facts regarding the circumstances of M.P.'s removal or specify why it was carried out without cause.  For example, Plaintiff does not allege that Officer Oulette lacked reason to believe that M.P. was in imminent danger of serious bodily injury at the time of her removal.  Plaintiff also admits to Bargabos' custody of M.P., which implies there is a court order saying as much.[3] Plaintiff merely states that M.P. was removed by Officer Oulette in handcuffs without probable cause, warrant, or court order.  These "labels and conclusions" will not do as it presents nothing more than "naked assertions" without further factual enhancement. *Twombly*, 550 U.S. at 555, 557.

As to CPSW Bell, Plaintiff does not state with particularity the involvement CPSW Bell had in M.P.'s removal.  *See Leubner*, 2009 WL 1212248, at *2 (explaining that a claim brought under 42 U.S.C. § 1983 requires "an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff")  (citing *Monell v. Department of Social Servs.*, 436 U.S. 658, 98 (1976)).  Plaintiff only states that M.P. was removed by Officer Oulette *for* CPSW Bell.  (Doc. 1 at 4).  Supervisory

---

[3] As explained below, the Court lacks jurisdiction to review on appeal the merits of a state court's custody determinations.  *See infra* Section II.A(2).

personnel, however, "are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisorial position, the causal link . . . must be specifically alleged." *Id.* at *3 (citing *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979)). Plaintiff does not explain the extent of CPSW Bell's personal participation, and conclusory allegations concerning the involvement of official personnel in civil rights violations are insufficient to state a cognizable claim. *Id.*

In sum, Plaintiff does not state adequate facts to bring a wrongful removal claim under 42 U.S.C. § 1983 on Fourteenth Amendment grounds. Plaintiff's Fourteenth Amendment claim is therefore dismissed without prejudice.

### c.    Federal Child Welfare Act

Third, Plaintiff appears to allege violation of her rights under the CWA. Although certain provisions of the CWA are enforceable through 42 U.S.C. § 1983, *see Henry A. v. Willden*, 678 F.3d 991, 1006 (9th Cir. 2012), Plaintiff does not identify which CWA provisions she seeks to invoke apart from naming the CWA generally. This is insufficient to state a claim for which relief can be granted under 42 U.S.C. § 1983.

Plaintiff's CWA claim is therefore dismissed without prejudice.

### 2.    Appeal of State Court Order

Last, Plaintiff cannot seek this Court to reverse an order issued by the New Hampshire state court. Under the *Rooker-Feldman* doctrine, this Court has no jurisdiction to review a state court's custody determinations. *Moore*, 2020 WL 2489736, at *5 (citing *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (explaining the doctrine "bars federal district courts from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment")). The Ninth Circuit has explained the role of the *Rooker-Feldman* doctrine as follows:

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an

allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction.

*Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).

Plaintiff argues here that the New Hampshire state court violated the UCCJEA, Fourth, and Twenty-Fourth Amendments when it awarded temporary physical custody of M.P. to Bargabos.  (Doc. 1 at 4).  Plaintiff's request for reversal "goes to the heart" of the New Hampshire state court's custody proceedings and is therefore barred by *Rooker-Feldman*.  *See Moore*, 2020 WL 2489736, at \*5.

**B.    Claims Prohibited Against Judge Thomas Cooper**

Furthermore, Plaintiff is barred from bringing certain claims against Judge Cooper. Judges and certain court officials who assist the court in the judicial process and who perform functions intimately related to, or an integral part of, the judicial process are protected by judicial or absolute immunity for acts performed in their official capacities. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); *Acevedo v. Pima County Adult Probation Dep't*, 690 P.2d 38, 40 (Ariz. 1984).  The purpose behind judicial immunity is to protect "principled and fearless decision-making."  *Rankin v. Howard*, 633 F.2d 844, 847 (9th Cir. 1980) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).  Plaintiff does not specify what conduct she seeks to hold Judge Cooper liable for.  However, Judge Cooper is likely entitled to judicial immunity if the alleged conduct concerns actions performed in his official capacity as a judge.

In sum, the Court will dismiss Plaintiff's Complaint because she fails to bring any cognizable claim under any civil cause of action.  The following claims are barred as a matter of law: Plaintiff's claim for wrongful removal under the Fourth Amendment, Plaintiff's claims requesting reversal of the New Hampshire state court's order, and Plaintiff's claims regarding Judge Cooper's conduct performed in his official capacity as a judge.  To the extent Plaintiff wishes to bring claims under the Fourteenth Amendment and CWA, however, the Court will grant her leave to file an amended complaint doing so.

/ / /

**III.    Leave to Amend**

In accordance with the well-settled law in this Circuit, because "it is not 'absolutely clear' that [Plaintiff] could not cure [the Complaint's] deficiencies by amendment," the Court will give her the opportunity to do so.  *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); *see also Lopez*, 203 F.3d at 1131 (en banc) (internal quotation marks and citations omitted) (holding that a pro se litigant must be given leave to amend his complaint "if it appears at all possible that the plaintiff can correct the defect" in the complaint). It will dismiss the Complaint and grant leave for Plaintiff to file a first amended complaint within **thirty (30) days** from the date of entry of this Order. *See Fed. R. Civ. P.* 15(a)(2) (leave to amend should be "freely" given "when justice so requires[]").

Plaintiff's complaint must be amended to address the deficiencies identified above and she must clearly designate on the face of the document that it is the "First Amended Complaint."  Plaintiff should tell her case's story in a short and plain manner then state each claim or cause of action a separate count, alleging facts that that satisfy all of the elements of the claims she is bringing.  For example, she must clarify her custody of M.P. and elaborate on the factual circumstances surrounding M.P.'s removal.  Plaintiff must also specify how Officer Oulette and CPSW Bell's participation in removing M.P. violates Plaintiff's substantive due process right to familial association under the Fourteenth Amendment and protected rights under the CWA.

Plaintiff's amended complaint should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Examples of different types of complaints demonstrating the proper form can be found in the appendix of forms that is contained with the Federal Rules of Civil Procedure (forms 11–21).[4]  This amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference.  It must also clearly state the grounds for this Court's jurisdiction, either by bringing a federal cause of action or by showing how the Court may exercise its

---

[4] Those forms as well as the Federal Rules of Civil Procedure and the Local Rules, as well as other information for individuals filing without an attorney may be found on the District Court's internet web page at www.azd.uscourts.gov/.

diversity jurisdiction.  *See* Fed. R. Civ. P. 8(a)(1).

The Court recommends Plaintiff review the information available in the District Court's Handbook for Self-Represented Litigants, which is available online.[5]  Plaintiff should also be aware that "an amended complaint supersedes the original complaint and renders it without legal effect[.]"  *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Thus, after amendment, the Court will treat an original complaint as nonexistent.  *Id.* at 925.

## IV.    Warning

Plaintiff is advised that if she elects to file an amended complaint but fails to comply with the Court's instructions explained in this Order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)).  If Plaintiff fails to prosecute this action, or if she fails to comply with the rules or any court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is dismissed with leave to file a First Amended Complaint within **thirty (30) days** of the date this Order is entered.

**IT IS FURTHER ORDERE**D that if Plaintiff does not file a First Amended Complaint within **thirty (30) days** of the date this Order is entered, the Clerk of Court shall dismiss this action without further order of this Court; and

**IT IS FINALLY ORDERED** that if Plaintiff elects to file a First Amended

---

[5] The Handbook may be found at http://www.azd.uscourts.gov/handbook-self-represented-litigants.

Complaint, it may not be served until and unless the Court issues an Order screening the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 5th day of May, 2023.

Honorable Diane J. Humetewa
United States District Judge