**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leandra Pierce, | No. CV-23-00646-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| New Hampshire Department of Children Youth and Families, et al., | |
| Defendants. | |

*Pro se* Plaintiff Leandra Pierce ("Plaintiff") has filed a First Amended Complaint ("FAC") (Doc. 6). The Court's prior Order granted Plaintiff's Application to proceed *in forma pauperis* ("IFP") but dismissed her Original Complaint (Doc. 1) for failing to state any claim upon which relief may be granted. (Doc. 5). Nonetheless, the Court granted Plaintiff leave to file an amended complaint. (*Id.*) Plaintiff has since done so, and the Court will now screen the FAC under 28 U.S.C. § 1915(e)(2).

**I.    Legal Standard**

The determination that Plaintiff may proceed IFP does not end the inquiry under 28 U.S.C. § 1915. When a party has been granted IFP status, the Court must review the complaint to determine whether the action:

(i)    is frivolous or malicious;

(ii)   fails to state a claim on which relief may be granted; or

(iii)  seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915(e)(2)(B).[1]  In conducting this review, "section 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted).  Rule 8(a) of the Federal Rules of Civil Procedure requires that:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.  A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).  A complaint that provides "labels and

---

[1] "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, §1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners." *Long v. Maricopa Cmty. College Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints[.]")); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.") (citation omitted).  Therefore, section 1915 applies to this non-prisoner IFP complaint.

[2] "Although the *Iqbal* Court was addressing pleading standards in the context of a Rule 12(b)(6) motion, the Court finds that those standards also apply in the initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A since *Iqbal* discusses the general pleading standards of Rule 8, which apply in all civil actions." *McLemore v. Dennis Dillon Automotive Group, Inc.*, 2013 WL 97767, at *2 n. 1 (D. Idaho Jan. 8, 2013).

conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id*. at 557.

The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). That rule does not apply, however, to legal conclusions. *Iqbal*, 556 U.S. at 678. The Court "construe[s] pro se filings liberally when evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

## II.   Statutory Screening

The Court previously dismissed Plaintiff's Original Complaint because she failed to bring any cognizable claim under any civil cause of action. The Court dismissed the following claims with prejudice: Plaintiff's claim for wrongful removal under the Fourth Amendment, Plaintiff's claims requesting reversal of the New Hampshire state court's order, and Plaintiff's claims regarding Judge Cooper's conduct performed in his official capacity as a judge. (Doc. 5 at 8). However, the Court allowed Plaintiff the opportunity to amend her claims brought under the Fourteenth Amendment and Child Welfare Act, 42 U.S.C. § 670 *et seq*. ("CWA"). (*Id*.) It explained that Plaintiff "must clarify her custody of [her child]", "elaborate on the factual circumstances surrounding [her child's] removal[,]" and "specify how [the Defendants'] participation in removing [her child] violates Plaintiff's substantive due process right to familial association under the Fourteenth Amendment and protected rights under the CWA." (*Id.* at 9).

In her FAC, Plaintiff seeks to add her child, M.P., as a plaintiff in the matter. (Doc. 6 at 3). Plaintiff and M.P. aim to bring suit against Child Protective Services Worker Lisa Bell ("CPSW Bell") of the New Hampshire Division for Children, Youth and Families; Officer Oulette of the Bow Police Department; and the Honorable Judge Thomas Cooper (collectively "Defendants"). Plaintiff states that on May 21, 2021, she and M.P. were staying as hotel guests at The Hampton in Bow, New Hampshire. (*Id*. at 2). Plaintiff

alleges that Officer Oulette handcuffed M.P., removed her from the hotel, and took her to Concord Hospital, all under the direction of CPSW Bell. (*Id.*) Plaintiff further alleges that Officer Oulette removed M.P. "WITHOUT evidence of imminent harm OR exigent circumstances" and that CPSW Bell "presented NO warrant of Order for removal yet she advised [Plaintiff] to consult an attorney regarding NH 169-C." (*Id.* at 2–3).[3] Plaintiff represents that she had full custody over M.P. at the time of M.P.'s removal. (*Id.* at 1).

The FAC appears to state the following claims: (1) M.P.'s Fourth Amendment claim for unlawful search and seizure of her person; (2) Plaintiff's Fourth Amendment claim for unlawful search and seizure of M.P.; and (3) Plaintiff's Fourteenth Amendment claim for interference with familial relations.[4] (*Id.* at 4). The Court will again construe these claims as brought under 42 U.S.C. § 1983, which creates a private right of action for a plaintiff to assert a violation of their federal constitutional rights. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citation omitted).

To state a Section 1983 claim, a plaintiff must allege (1) the violation of a constitutional right that was (2) committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The Court will address each constitutional claim in turn before turning to Plaintiff's claims against Judge Cooper.

### A.    M.P.'s Fourth Amendment Claim

Plaintiff seeks to add M.P. as a plaintiff in the FAC and "wishes to have M.P.'s Fourth Amendment rights considered and protected." (Doc. 6 at 3–4). However, Plaintiff

---

[3] Chapter 169-C, also called the Child Protection Act, is a New Hampshire statute that "provide[s] protection to children whose life, health or welfare is endangered." (N.H. Rev. Stat. Ann. § 169-C:2 (2023)).

[4] Plaintiff does not seek to reallege her CWA claim in the FAC. Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (*en banc*). Thus, Plaintiff's CWA claim is waived.

cannot add M.P. as a plaintiff or assert claims on M.P.'s behalf.  "[T]he general rule is that only the person whose Fourth Amendment rights were violated can sue to vindicate those rights."  *Moreland v. Las Vegas Metro. Police Dep't.*, 159 F.3d 365, 369 (9th Cir. 1998), *as amended* (Nov. 24, 1998).  Thus, M.P. may state a Fourth Amendment claim based on FAC allegations that Officer Oulette removed her without evidence of imminent danger or harm.  However, a parent cannot bring a *pro se* action "on behalf of a minor child without retaining a lawyer."  *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *Williams v. Ariz. Super. Ct. of Pima Cnty.*, 2022 WL 2442593, at *4 (D. Ariz. Apr. 11, 2022) (dismissing a plaintiff's request to name her children as plaintiffs in the suit); *Holmes v. City of Flagstaff*, 2010 WL 2889934, at *8–9 (D. Ariz. July 21, 2010).

Therefore, M.P.'s Fourth Amendment claim is dismissed without prejudice.  If M.P. wishes to proceed with her own Fourth Amendment claim, she must retain a lawyer.

    **B.**    **Plaintiff's Fourth Amendment Claim** for the Unlawful Search and Seizure of M.P.

The Court previously dismissed with prejudice Plaintiff's Fourth Amendment claim relating to the alleged unlawful seizure of M.P. because Plaintiff lacked standing to bring this claim.  (Doc. 6 at 4–5 citing *Moreland*, 159 F.3d at 369 and *Osborne v. Cnty. of Riverside*, 385 F. Supp. 2d 1048, 1052 (C.D. Cal. 2005) ("While a person has standing to challenge the seizure of his or her own person, a person does not have standing to vicariously assert the Fourth Amendment rights of another person.")).  The Court will not revisit its ruling.  This claim remains dismissed.

    **C.**    **Plaintiff's Fourteenth Amendment Claim**

This Court previously dismissed Plaintiff's Fourteenth Amendment claim for interference with familial relations without prejudice due to three defects: (1) it was unclear whether Plaintiff was M.P.'s custodial parent at the time M.P. was removed; (2) Plaintiff failed to provide sufficient facts regarding the circumstances in which Officer Oulette removed M.P.; and (3) Plaintiff did not state with particularity the involvement CPSW Bell had in M.P.'s removal.  For the following reasons, the Court finds Plaintiff has cured all of

these deficiencies.

First, it was unclear from the Original Complaint whether Plaintiff was M.P.'s custodial parent. A plaintiff cannot bring a Fourteenth Amendment claim alleging wrongful removal without first establishing custodial rights. *Troxel v. Granville*, 530 U.S. 57, 67 (2000) (explaining that "the custodial parent has a constitutional right" to parental rights); *see generally Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 2000). The FAC now alleges that Plaintiff had "full, sole legal and physical custody" when M.P. was removed on May 21, 2021. (Doc. 6 at 1). Thus, the FAC cured this defect.

Second, the Original Complaint failed to provide sufficient facts regarding the circumstances in which Officer Oulette removed M.P. Specifically, Plaintiff failed to allege that Officer Oulette did not remove M.P. due to imminent danger of serious bodily injury. (Doc. 5 at 6). Indeed, government officials can seize a child without a warrant if they possess information giving reasonable cause to believe that the child is in imminent danger of serious bodily injury. *Kirkpatrick v. Cnty. of Washoe*, 843 F.3d 784, 790 (9th Cir. 2016) (citing *Wallis*, 202 F.3d at 1138); *see also Ram v. Rubin*, 118 F.3d 1306, 1311 (9th Cir. 1997). Plaintiff's FAC now alleges that Officer Oulette removed M.P. "WITHOUT evidence of imminent harm OR exigent circumstances." (Doc. 6 at 2). Accepting these factual statements as true, as the Court must, Plaintiff has sufficiently stated a substantive due process claim under the Fourteenth Amendment against Officer Oulette. *See Shwarz v. United States*, 234 F.3d at 435.

Third, the Original Complaint did not state with particularity the involvement CPSW Bell, as Officer Oulette's supervisor, had in M.P.'s removal. (Doc. 5 at 5–7). This is because supervisory personnel "are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior*. . . [T]herefore, when a named defendant holds a supervisorial position, the causal link . . . must be specifically alleged." *Leubner v. Cnty. of San Joaquin*, 2009 WL 1212248, at *3 (E.D. Cal. May 5, 2009) (citing *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979)). Plaintiff's FAC now alleges that Officer Oulette removed M.P. "under direction of" [CPSW Bell] and that CPSW Bell was

present at the time of removal. (Doc. 6 at 2, 4). Plaintiff further states that CPSW Bell "presented NO warrant of Order for removal yet she advised [Plaintiff] to consult an attorney regarding NH 169-C." (*Id.* at 2–3). Accepting these factual statements as true, as the Court must, Plaintiff has sufficiently stated a substantive due process claim under the Fourteenth Amendment against CPSW Bell. *See Shwarz v. United States*, 234 F.3d at 435. She may thus proceed with her Fourteenth Amendment Due Process claim for interference with her right to familial association.

### D. Claims Against Judge Thomas Cooper

Last, Plaintiff again seeks to join Judge Cooper as a defendant in the case. The Court previously barred Plaintiff from bringing certain claims against Judge Cooper because judges are protected by judicial immunity for acts performed in their official capacities. (Doc. 5 at 8). *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (*en banc*); *Acevedo v. Pima Cnty. Adult Probation Dep't*, 690 P.2d 38, 40 (Ariz. 1984). The Original Complaint did not specify what conduct Plaintiff sought to hold Judge Cooper liable for. Plaintiff's FAC now alleges that Judge Cooper failed to "uphold the Constitution and state laws" (Doc. 6 at 3) and "did NOT require any evidence for his damaging rulings." (*Id.*) Such acts, however, were performed through Judge Cooper's official capacity as a judge and he is entitled to judicial immunity. *Ashelman*, 793 F.2d at 1075. Therefore, Plaintiff's claims against Judge Cooper are denied with prejudice.

In sum, the Court will again dismiss, with prejudice, Plaintiff's Fourth Amendment claim for the unlawful seizure of M.P. for lack of standing and Plaintiff's claim against Judge Cooper, who is immune from suit. However, Plaintiff has adequately stated a claim against Defendants Officer Oulette and CPSW Bell for interference with familial relations under the Fourteenth Amendment. When liberally construing this *pro se* FAC, as the Court must, the Court finds that Plaintiff's FAC contains "sufficient factual matter, accepted as true" to state claims for relief that are "plausible on [their] face." *Iqbal*, 556 U.S. at 678. Plaintiff's FAC is therefore sufficient to survive the "low threshold" set for screening under

to 28 U.S.C. § 1915(e)(2).[5] *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012). The Court will allow Plaintiff to serve the FAC on Defendants Officer Oulette and CPSW Bell and proceed with a Fourteenth Amendment claim for violation of her right to familial association. All other claims and Defendants shall be dismissed.

Accordingly,

**IT IS ORDERED dismissing, without prejudice,** M.P.'s Fourth Amendment claim for unlawful search and seizure of her person. If M.P. wishes to proceed with her own Fourth Amendment claim, an attorney must file a Notice of Appearance on her behalf within thirty (30) days of this Order. If an Order of Appearance if not filed by **July 31, 2023**, the Clerk of Court shall terminate M.P. as a Plaintiff in this matter without further Court Order. For the reasons stated in the Court's prior Order, Plaintiff's Fourth Amendment claim for unlawful search and seizure of M.P. remain dismissed, with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's claims against the Honorable Judge Thomas Cooper are **DISMISSED with prejudice. The Clerk of Court shall kindly dismiss** Defendant Thomas Cooper from this action. No cognizable claims having been alleged against Defendants New Hampshire Department of Children Youth and Families, Bow Police Department, Unknown Lunau, or 6th Circuit Court of New Hampshire, the Clerk of Court shall also dismiss them from this matter.

**IT IS FURTHER ORDERED** that Plaintiff shall be responsible for service of: (1) the Summons, (2) the redacted First Amended Complaint, and (3) this Order on Defendants New Hampshire Bow Police Officer Oulette and New Hampshire Child Protective Services Worker Bell.

**IT IS FURTHER ORDERED** that because the Court has sealed Plaintiff's First

---

[5] Plaintiff is cautioned that "the *sua sponte* screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007); *see also Amor v. Arizona*, 2009 WL 529326, at *25 n.18 (D. Ariz. Feb. 27, 2009).

Amended Complaint (Doc. 6) due to her reference of her child's full name and date of birth, Plaintiff is directed to file a redacted version of her First Amended Complaint **within fourteen (14) days** of this Order.

**IT IS FINALLY ORDERED** that Plaintiff must become familiar, and comply, with the Federal Rules of Civil Procedure ("Rules") and the Local Rules of Practice for the District Court for the District of Arizona ("Local Rules"). Plaintiff is encouraged to consult the resources for self-represented litigants available on the Court's website at http://www.azd.uscourts.gov/proceeding-without-attorney. Of note, the Court provides a Handbook for Self-Represented Litigants (http://www.azd.uscourts.gov/handbook-selfrepresented-litigants), as well as forms for scheduling an appointment with a volunteer lawyer at the Free Self-Service Clinic at the Phoenix courthouse ((http://www.azd.uscourts.gov/federalcourt-self-service-clinic-phoenix).

Dated this 21st day of July, 2023.

Honorable Diane J. Humetewa
United States District Judge